**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER LEEPER,<br>Plaintiff,<br>v.<br>CITY OF REDDING, et al.,<br>Defendants. | No. 2:26-cv-1635-DMC<br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. The matter was initiated in the Shasta County Superior Court and removed to this Court on April 24, 2026, by Defendants City of Redding, Redding Police Department, and Cameron Hooks (City Defendants) based upon federal question jurisdiction. See ECF No. 1. Pending before the Court is the motion to remand filed by Defendants Mercy Medical Center Redding and Dignity Health (Hospital Defendants). See ECF Nos. 5 and 10. The City Defendants have filed an opposition. See ECF No. 6. Plaintiff does not oppose remand. See ECF Nos. 7 and 11. The Hospital Defendants have not filed a reply.

Plaintiff's complaint was originally filed in the Shasta County Superior Court on June 13, 2025. See ECF No. 1-1 (Exhibit A to Notice of Removal). The Hospital Defendants argue that the notice of removal was defective under 28 U.S.C. § 1446(b) and that remand is required because the Hospital Defendants did not join in removal. See ECF No. 10. The City

Defendants argue: (1) the Hospital Defendants have no standing to challenge removal because they were never served while the action was pending in state court; (2) the Hospital Defendants' motion is untimely because it was not filed within 30 days after the filing of the notice of removal; and (3) Defendant Dignity Health is only a nominal party. See ECF No. 6.

The City Defendants' timeliness argument is dispositive. Pursuant to 28 U.S.C. § 1447(c): "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . ." (emphasis added). Here, the notice of removal was filed on April 24, 2026. See ECF No. 1. The Hospital Defendants initially filed their motion to remand on May 27, 2026, with a proof of service on opposing counsel indicating electronic service on the same day. See ECF No. 5-2 (proof of service).[1] Because the motion to remand asserts a defect in the removal process, it was due to be filed on or before May 26, 2026.[2] The Hospital Defendants' motion to remand was filed one day late on May 27, 2026, and must be denied as untimely under § 1447(c).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Hospital Defendants' motion to remand is DENIED.

2. Within 30 days of the date of this order, Plaintiff shall serve any defendants who have not yet been served, either in state court prior to removal of this court following removal.

3. Defendants shall file a response to Plaintiff's complaint within 60 days of the date of this order.

Dated: August 6, 2026



DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The motion was defectively noticed and later re-filed on June 22, 2026. See ECF No. 10.

[2] The 30-day deadline expired on Sunday May 24 and Monday May 25 was a court holiday.